UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

CHAMBERS OF
THE HONORABLE GINA L. SIMMS
UNITED STATES MAGISTRATE JUDGE
MDD_GLSchambers@mdd.uscourts.gov

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0627 PHONE
(301) 344-8434 FAX



March 18, 2020

Paul R. Schlitz Jr., Esq.
Mering & Schlitz LLC
343 North Charles St.
Baltimore, MD 21201

Leah F. Golshani, Esq.
Social Security Administration
6401 Security Blvd.
Baltimore, MD 21235

Subject: *Michelle A. v. Saul*[1]
Civil No.: 1:19-cv-00221-GLS

Dear Counsel:

Pending before this Court are cross-Motions for Summary Judgment. (ECF Nos. 11, 14). The Court must uphold the Social Security Administration ("SSA")'s decision if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3) (2016); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The substantial evidence rule "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig*, 76 F.3d at 589. This Court shall not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the SSA. *Id.* Upon review of the pleadings and the record, this Court finds that no hearing is necessary. Local Rule 105.6. For the reasons set forth below, Plaintiff's motion is **DENIED,** and Defendant's Motion is **GRANTED**. Pursuant to sentence four of 42 U.S.C. § 405(g), the judgement of the SSA is **AFFIRMED**.

## I. BACKGROUND

Plaintiff filed a Title II Application for Disability Insurance Benefits on February 25, 2016, alleging that disability began December 7, 2015. (Tr. 11). This claim was initially denied on May 5, 2016, and upon reconsideration, denied again on December 5, 2016. (*Id.*). Plaintiff's request for a hearing was granted and the hearing was conducted on October 24, 2017, by an Administrative Law Judge ("ALJ"). (*Id.*). On February 28, 2018, the ALJ found that Plaintiff was not disabled under sections 216(i) and 223(d) of the Social Security Act. (Tr. 23). On December 10, 2018, the Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final and reviewable decision of the SSA. (Tr. 1).

---

[1] Andrew Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). See also section 205(g) of the Social Security Act, 42 USC 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

## II.    ANALYSIS TO BE PERFORMED BY THE ADMINISTRATIVE LAW JUDGE

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An individual is deemed to have a disability if his "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work . . . which exists in significant numbers in the region where such individual lives or in several regions of the country." 42 U.S.C. § 423(d)(2)(A).

To determine whether a person has a disability, the ALJ engages in the five-step sequential evaluation process set forth in 20 C.F.R. §§ 415.1520(a)(4)(i)-(v); 416.920. *See e.g., Bowen v. Yuckert,* 482 U.S. 137, 140-42 (1987); *Mascio v. Colvin*, 780 F.3d 632, 634-35 (4th Cir. 2015). The steps used by the ALJ are as follows: step one, assesses whether a claimant had engaged in substantial gainful activity since the alleged disability onset date; step two, determine whether a claimant's impairments meet the severity and durations requirements found in the regulations; step three, ascertain whether a claimant's medical impairment meets or equals an impairment listed in the regulations ("the Listings"). If the first three steps are not conclusive, the ALJ assesses the claimant's residual function capacity, i.e., the most the claimant could do despite his or her limitations, through consideration of claimant's "'medically determinable impairments of which [the ALJ is] aware', including those not labeled severe at step two." *Mascio*, 780 F.3d at 635 (quoting 20 C.F.R. § 416.945(a)). At step four, the ALJ analyzes whether a claimant could perform past work, given the limitations caused by his or her impairments; and at step five, the ALJ analyzes whether a claimant could perform any work. At steps one through four, it is the claimant's burden to show that he or she is disabled. *See Monroe v. Colvin*, 826 F.3d 176, 179-80 (4th Cir. 2016). If the ALJ's evaluation moves to step five, the burden then shifts to the SSA to prove that a claimant has the ability to perform work and, therefore, is not disabled. *Id*. at 180.

Here, the ALJ found that Plaintiff suffered the following severe impairments: degenerative joint disease; degenerative disc disease; plantar fasciitis; hypertension; diabetes mellitus with neuropathy; borderline intellectual functioning; generalized anxiety disorder; major depressive disorder; and post-traumatic stress disorder (PTSD). (Tr. 14). Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR § 404.1567(b) and 416.967(b), except the claimant can lift and carry twenty pounds occasionally and ten pounds frequently; stand and/or walk for six out of eight hours; and sit for six out of eight hours. The claimant can occasionally climb stairs, balance, stoop, kneel, crouch, and crawl, but cannot climb ladders. The claimant can frequently reach, handle, finger and feel. She cannot have nay exposure to hazards. The claimant can perform simple, routine tasks that are not fast-paced and do not have strict production demands. She can have occasional contact with supervisors, coworkers, and the public. The claimant is limited to low stress work, defined as occasional decision making and occasional changes in the work setting. (Tr. 17).

At the hearing before the ALJ, a vocational expert ("VE") testified about whether a hypothetical individual with the same limitations as the Plaintiff could perform Plaintiff's prior work as a packer or as a collection clerk. (Tr.75-76). The VE testified that the hypothetical person (Plaintiff) could perform Plaintiff's prior work as a packer at the "light" exertional level. (Tr. 76). However, the VE testified that Plaintiff could not perform her prior work as a collection clerk. (Tr. 76). In addition, the ALJ asked the VE to provide alternative occupations that Plaintiff could perform. (*Id.*). The VE testified that Plaintiff could perform other work existing in significant numbers in the national economy, e.g., laundry worker; cafeteria attendant; and an office cleaner, all three of which require a reasoning level of 2. (Tr. 77). Also, all three jobs are performed at a "light" exertional level, which is consistent with Plaintiff's RFC. (Tr.77). The VE testified that his findings were consistent with the *Dictionary of Occupational Titles* (D.O.T.) and were based on his years of experience. (Tr. 78). Ultimately, the ALJ found that the Plaintiff was not disabled. (Tr. 23).

## III. DISCUSSION

On appeal to this Court, Plaintiff appears to be making the following arguments, although Plaintiff's contentions are not entirely clear[2]: (1) the ALJ failed to properly assess Plaintiff's mental impairment; (2) the ALJ failed to resolve an apparent conflict between the VE's testimony and the D.O.T. related to Plaintiff's ability to perform the recommended jobs; and (3) the ALJ failed to consider Plaintiff's subjective complaints of mental pain. (ECF No. 11, pp. 6-9). Defendant counters that the ALJ appropriately analyzed all of the evidence to assess Plaintiff's mental impairments and fashioned appropriate limitations in the RFC to account for the same. (ECF No. 14-1 pp. 6-9). In addition, Defendant argues that if any error was made related to Plaintiff's ability to do past work, then it was harmless. (ECF No. 14-1, pp. 4-5).

### A. Evaluation of Mental Impairments

It appears as though Plaintiff first contends that the ALJ incorrectly relied on "pre-hearing forms" in order to assess her mental impairment and ability to do past relevant work.[3] (ECF No. 11, p. 6). Plaintiff argues that she attempted to testify about why she failed to receive treatment for PTSD, however, the ALJ failed to listen to her testimony and relied on "ambiguous prehearing forms" to make an erroneous determination on her disability. (ECF No. 11, p. 6).

There is a special technique that the ALJ must follow when evaluating mental impairments. *See* 20. C.F.R. § 404.1520(a). First, the ALJ should review the evidence to determine whether the claimant has a medically determinable mental impairment. *Id.* Second, if the ALJ finds that a mental impairment exists, then he "must specify the symptoms, signs, and laboratory findings that substantiate the presence of the impairment(s) and document [his] findings." *Patterson v. Commissioner*, 846 F.3d 656, 659 (4th Cir. 2017)(quoting 20. C.F.R. § 404.1520a(b)(1)). Third,

---

[2] Regrettably, Plaintiff's pleading is frequently very convoluted, making it difficult to comprehend her arguments. I have tried to interpret Plaintiff's arguments and construe them as logically as possible.

[3] This Court will discuss the issue related Plaintiff's past work as a packer in Section III(B) of this opinion.

ALJ must rate the degree of a claimant's functional limitation(s) in four broad functional areas, which are predicated on a claimant's ability to: "(1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt or manage [herself.]" *Id.* Finally, if an ALJ finds that a claimant has a severe mental impairment that neither meets nor is equivalent in severity to any Listing, then ALJ must assess a claimant's RFC. *Id.* An ALJ is to rate each functional limitation using a five-point scale: none, mild, moderate, marked, and extreme. *Id.* A claimant's mental impairment(s) meet(s) or medically equal(s) "The Listing" if an impairment result in two "marked" functional limitations or one "extreme" limitation.[4] *Id.* Finally, the ALJ must specify the symptoms, signs, and laboratory findings that substantiate the presence of the impairment(s) and document [his] findings," *Patterson v. Commissioner*, 846 F.3d 656, 659 (4th Cir. 2017) (quoting 20. C.F.R. § 404.1520a(b)(1)), as well as detail the functional limitations assessed. *See Chandler v. Colvin*, case No. 15-1408, 2016 WL 750549, at *2 (D.Md. February 24, 2016). If an ALJ fails to document how she applied the special technique, then remand is warranted. *Patterson, supra*, at 662.

In this case, the ALJ reviewed all relevant medical evidence and found that Plaintiff had the following severe mental impairments: PTSD, generalized anxiety disorder, and major depressive disorder. (Tr. 14). The ALJ specified each of the Plaintiff's mental impairments' symptoms, evaluated signs, and referred to laboratory findings that substantiated the presence of the impairments. (Tr. 18). The ALJ ultimately found that Plaintiff's mental impairments did not cause at least one "extreme" limitation or two "marked" limitations to meet or equal the listing, because Plaintiff only presented a mild or moderate limitation in each of the four broad functional areas. (Tr. 16-17). Thus, the ALJ appropriately followed the special technique and found Plaintiff not to be disabled. (Tr. 17-20). Plaintiff fails to clearly articulate what she means by saying that "the ALJ regarded [to] forms filled out by [Plaintiff]. . .as more important than her testimony." (ECF No. 11, p.6). The Court is unable to determine what forms are allegedly an issue. This Court acknowledges that during the hearing below the ALJ did mention that she was "looking at the forms [Plaintiff] submitted" to inquire about Plaintiff's impairments and daily lifestyle. (Tr. 63). The ALJ clarified that her inquiry was related to determining whether the information on the forms was still correct. (Tr. 63). The evidence below does not suggest that the ALJ solely relied on "ambiguous forms" to evaluate Plaintiff's mental impairment, instead, the ALJ reviewed, analyzed, and described that she used the following exhibits to make her determination: 4E; 7E; 8E; 2F; 9F; and 10F. (Tr. 16-19). Therefore, I find that substantial evidence exists in support of the ALJ's determination. Thus, remand is not warranted on this basis.[5]

---

[4] A "marked" limitation means that on a sustained basis, the claimant is functioning independently, appropriately, or effectively. An "extreme" limitation means that the Plaintiff cannot function functioning independently, appropriately, or effectively. 20 C.F.R. 404.1520a.

[5] Plaintiff's reliance on *Lovejoy v. Heckler*, 790 F.2d 1114 (4th Cir. 1986) is confusing. In *Lovejoy*, an ALJ found the plaintiff to be disabled based on her testimony regarding her pain, medical evidence to support her disabling condition, and the fact that no jobs existed in the national economy that she could perform. *Id.* at 1115. The SSA Appeals Council reversed the decision of the ALJ, considering Lovejoy's failure to seek treatment to be a significant factor in its decision to overturn the ALJ's decision. *Id.* at 1117. On appeal the Fourth Circuit held that the Appeals Council erred because it had only considered that failure to seek treatment and certain portions of the record below, and did not consider the entire record. *Id.* In this case, at the hearing, the ALJ vaguely mentioned the fact that the Plaintiff never saw a psychiatrist prior to 2017. (Tr. 54). However, the ALJ made no mention of this fact as a part of the basis for her findings.

    B.    <u>Work that Plaintiff Can Perform</u>

        **1. Packer**

Plaintiff advances two arguments related to the work that she is capable of performing: (1) the ALJ erroneously determined that she can perform her past relevant work; (2) the ALJ failed to resolve an apparent conflict related to the VE's testimony regarding Plaintiff's ability to perform the recommended jobs.

First, Plaintiff maintains that the ALJ relied on an "ambiguous form" to determine whether the ALJ or the VE should have analyzed her job as a packer as past relevant work. Plaintiff asserts that her work as a packer should not be considered past relevant work because she worked as a packer for a very short period time. I agree. According to 20 C.F.R. § 404.1560(b)(1), "past relevant work is work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant to learn how to perform the job functions]." "A claimant's past work can be considered an unsuccessful work attempt when he or she has worked for six months or less and her impairment forced her to stop working." 20 C.F.R. § 404.1574(c). "Work of six months or less is an unsuccessful work attempt if the claimant stopped working or reduced her work below substantial gainful activity earnings level due to her impairment or the removal of special conditions that took into account your impairment and permitted her to work." 20 C.F.R. § 404.1574(c)(3). Plaintiff was employed from October 2015 to December 2015, for a period fewer than six months. (Tr. 336). In addition, she only worked two shifts, prior to walking off of the job due to her complaints of pain from standing. (Tr. 45). The record supports that Plaintiff worked fewer than six months, (Tr. 264), and that her earning history is consistent with the same. (Tr. 236-239).

Although the ALJ seemingly erred in considering Plaintiff's experience as a packer as past relevant work, I do not find that this error warrants remand. Defendant argues that if the ALJ made any error in determining Plaintiff's past relevant work, such error is harmless because Plaintiff's disability determination did not rest solely on her ability to perform past relevant work. (ECF No. 14, p. 4-5). The Court agrees. Plaintiff must prove that she was prejudiced due to the ALJ's error and that the error substantially changes the outcome of her case. *Shineski v. Sanders*, 556 U.S. 396, 410 (2009). Although Plaintiff's job as a packer should not have been considered as past relevant work, my view does not change the "substance of the ALJ's decision reached." *Morgan v. Barnhart*, 142 Fed. Appx. 716, 723 (4th Cir. 2005). Even though the ALJ found that the Plaintiff was not disabled because she could perform her past relevant work as a packer, the ALJ found at step five that the Plaintiff could perform three other jobs that existed in the national economy despite her limitations. (Tr. 21-22). In short, my view that Plaintiff was not a packer (based on the definition of past relevant work) does not negate that substantial evidence exists that Plaintiff had the physical ability to perform the three jobs that exist in significant numbers in the national economy. (Tr. 21-22). Accordingly, any ALJ error is harmless and remand is not warranted on this basis.

### 2. Laundry worker, cafeteria attendant, and office cleaner

Plaintiff alleges that she is unable to perform all three jobs, namely that two of the hypothetical jobs are inconsistent with Plaintiff's ability to perform simple and routine tasks, and the other job was incorrectly identified or categorized by the VE. (ECF No. 11, p. 8). It appears that Plaintiff is arguing that the ALJ failed to resolve an apparent conflict between the VE's testimony and the D.O.T. as it relates to her ability to perform the recommended jobs. (ECF No. 11, p. 8). Plaintiff also seems to be alleging that the ALJ limited her to "simple routine tasks" however, the VE suggested two jobs (laundry worker & cafeteria attendant) that require a reasoning level of 2, which Plaintiff argues is inconsistent with the ability to perform "simple routine tasks." In addition, Plaintiff contends that the third job that the VE opined that she could perform, office cleaner, was the incorrect D.O.T. classification. (ECF No. 11, p. 8). According to Plaintiff, an office cleaner job is performed at a "heavy" exertional level. (ECF No. 11, p. 8).

In support of her "simple and routine tasks" argument, Plaintiff relies on *Thomas v. Berryhill*, 916 F.3d, 311-312 (4th Cir. 2019). In *Thomas*, the court found that a job with a reasoning level 2 is inconsistent with the ability to perform "simple and routine tasks" because reasoning level 2 requires "detailed but uninvolved instructions" according to Appendix C of the D.O.T. *Thomas, supra,* at 312. Defendant argues that Plaintiff's application of *Thomas* is misplaced. (ECF No. 14, pp. 6-8). The Court agrees. In *Thomas,* the ALJ limited Thomas to "short and simple instructions," but the VE recommended reasoning level 2 jobs, which included "detailed but uninvolved instructions." *Id*. at 312. The court in *Thomas* found that an apparent conflict existed, because there was a meaningful difference between "short and simple instructions" and "detailed but uninvolved instructions." *Id*. Recently, the Fourth Circuit provided clarification of the differences between "short and simple instructions," "simple and routine tasks," and "detailed and uninvolved instructions." In *Lawrence v. Saul*, the Commission relied on *Thomas* to argue that there is no meaningful difference between "simple and routine tasks," and "detailed and uninvolved instructions." 941 F.3d. 140, 143 (4th Cir. 2019). The Fourth Circuit held that "detailed" and "short" are not synonymous because "the longer the instructions, the more detail they can include." *Id*. Moreover, "detailed" is more correlated with length rather than complexity. *Id*. at 143. The Court opined that "simple" and "uninvolved" refer to instructions or tasks that are not complicated. *Id.* Therefore, the Court found that no apparent conflict between "simple and routine tasks," and "detailed and uninvolved instructions." *Id*.

The issue in this case is strikingly similar to *Lawrence v. Saul* because, in this case, the ALJ limited the Plaintiff to simple and routine tasks and the VE suggested jobs with a reasoning level of 2. Based on the Fourth Circuit's analysis, a finding of an ability to perform "simple and routine tasks" is consistent with "detailed but uninvolved instructions." *Lawerence, supra,* at 143. Thus, the ALJ, relying upon the record and the VE's testimony, did not err in deciding that Plaintiff could work as a laundry worker, cafeteria attendant, or an office cleaner. (Tr. 22).

Finally, Plaintiff asserts that the VE's testimony relating to Plaintiff's ability to be an office cleaner is at odds with the D.O.T. code section that defines the job. During the hearing, the VE testified that the Plaintiff could perform work as an "office cleaner," and cited to D.O.T. Code 323.687-014, which is classified as "Cleaner, Housekeeping." (Tr.77). Plaintiff maintains that the

VE meant to cite to a different D.O.T. code, which describes the duties of cleaning "office buildings," which is D.O.T. code 381.687-014. The Court disagrees.

At step five of the sequential analysis, the ALJ should rely on the D.O.T. to make an employment determination; however, he or she may use a vocational expert to address the "complex aspects" of the determination. *See Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015). It is the ALJ's duty to "independently identify all possible conflicts between the expert's testimony and the [D.O.T.]" and resolve them. *Pearson*, *supra*, at 208. If the vocational expert's opinion and D.O.T. conflict, then the ALJ must first require the VE to provide a reasonable explanation for the conflict. *Id*. at 207. Next, if ALJ finds the explanation to be reasonable, then he/she must resolve the conflict prior to relying on the VE's findings to support a disability determination. *Pearson*, *supra*, at 208. Moreover, the ALJ must explain in his/her opinion how she resolved any identified conflict. *Id*. at 208.

Although the VE referred to the job as an officer cleaner, his description of the job is consistent with the D.O.T. Code 323.687-014. The Court acknowledges that the VE should have stated the correct name for the job; however, there is no real or meaningful conflict that the ALJ should have identified. Even if the ALJ erred, it is harmless because her error does not change the outcome of her decision. As the Defendant correctly cites, if there is one occupation that exists in significant numbers in the national economy, then the Commission has met its burden. *Hicks v. Califano*, 600 F.2d. 1047, 1051 n.2 (4th Cir. 1979). Here, the VE suggested two other jobs, laundry worker and cafeteria attendant. Therefore, the ALJ's failure to resolve a supposed "conflict" related to the "office cleaner" job was harmless.

C. Plaintiff's Complaints of Pain

Finally, Plaintiff seems to argue that the ALJ failed to adequately consider her subjective complaints of "mental pain," which she asserts result from her diagnosis of "chronic pain syndrome." (ECF No. 11, p. 8-9). Plaintiff maintains that the doctors were unable to determine the physical basis for her pain; therefore, the ALJ should have been aware that Plaintiff's psychological impairment aggravates her perception of pain. (ECF No. 11, p. 9). In support of her argument, Plaintiff generally cites to *Pratt v. Sullivan*, 956 F.2d. 830 (8th Cir. 1992).

The ALJ should consider the following factors when determining the intensity and persistence of pain: (1) objective medical evidence; (2) evidence of claimant's daily activities; (3) efforts to work; (4) claimant's description of pain; and (5) any other relevant information. *See* 20 C.F.R. §404.1529. Plaintiff's reliance on *Pratt v. Sullivan* is misplaced. In *Pratt*, five medical professionals diagnosed the claimant with somatoform disorder.[6] Despite their findings, the ALJ found that Pratt did not suffer from a medically determinable mental impairment because the claimant failed to meet all the criteria for somatoform disorders. *Id*. at 834. The court held that the ALJ failed to use the special technique to analyze claimant's alleged mental impairment, which warranted remand. *Id*. The court opined that the ALJ's failure to properly analyze claimant's

---

[6] Somatoform disorder encompasses "physical symptoms for which there are no demonstrable organic findings or known physiological mechanisms." 20 C.F.R. pt. 404, subpt. P, app. 1, pt. A § 12.07.

mental impairment influenced his evaluation of claimant's subjective complaints of pain because if the ALJ had conducted the proper analysis, then he would have properly considered the subjective complaints. *Id*. at 836. Therefore, the court found that the ALJ failed to examine "the possibility that a psychological impairment aggravates Pratt's perception of pain." *Id*. at 836.

*Pratt v. Sullivan* is distinguishable from this case. First, unlike the ALJ in *Pratt*, the ALJ here properly used the special technique to analyze Plaintiff's mental impairments. (Tr.15-18). Second, the ALJ stated that the medical evidence within the record does not support Plaintiff's subjective complaints. (Tr. 20). The ALJ relied on the substantial evidence that was presented in this case to make her disability determination. (Tr. 36-82; Exhs. 2F; 3F; 10F). Consequently, the ALJ cannot consider evidence of somatoform disorder or "chronic pain syndrome" that is not available. Plaintiff described her pain during the administrative hearing (Tr. 49-50), and I find that the ALJ fashioned an RFC consistent with Plaintiff's testimony and the medical evidence of record. (Tr.17).

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Summary Judgment, (ECF No. 11), is **DENIED** and Defendant's Motion for Summary Judgment, (ECF No. 14), is **GRANTED**. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is AFFIRMED for further proceedings consistent with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely,

/s/
The Honorable Gina L. Simms
United States Magistrate Judge